UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| ABDUS SALAAM LUQMAN, | ) | CASE NO. 4:06 CV1303 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ALBERTO GONZALEZ, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On May 25, 2006, pro se petitioner Abdus Salaam Luqman filed the above-captioned petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241 against the Attorney General of the United States, Alberto Gonzalez, and United States Attorney Gregory White. He asserts that he was selectively prosecuted by federal law enforcement agents based on unjustified standards.

*Background*

Mr. Luqman was traveling in his vehicle through Akron, Ohio on August 19, 2005 when the police stopped him upon suspicion that he attempted to solicit the services of a prostitute. During the stop, the police reviewed Mr. Luqman's license and determined that it was

under a "financial responsibility suspension." He was then arrested and, when the police engaged in an inventory search of his vehicle, they discovered a loaded .9 mm firearm under the front seat of his truck. Petitioner was then taken into custody and charged with carrying a concealed weapon and driving under suspension.

Criminal charges were filed against Mr. Luqman in the Summit County Court of Common Pleas. State of Ohio v. Abdus Salaam Luqman, No. 2005-08-3020. He claims the case was then reviewed by the Summit County prosecutor to determine if the petitioner fit the criteria for prosecution under "Project Safe Neighborhood." After the Summit County prosecutor dismissed the charges against Mr. Luqman, he was then indicted in this court on charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). United States v. Luqman, No. 5:05cr0571 (N.D. Ohio filed Dec. 7, 2005).[1]

At the conclusion of his jury trial on March 10, 2006, Mr. Luqman was convicted of the single count charged in the indictment. He appealed his conviction through counsel to the Sixth Circuit Court of Appeals on June 28, 2006.[2] Although he was awaiting sentencing at the time he filed this petition, court records reveal that Judge Adams subsequently sentenced Mr. Luqman to 180 months in prison followed by 3 years of supervised release. He was sentenced on July 14, 2006.

---

[1] In his petition, Mr. Luqman cites case number "1:05cr0260" as his criminal case before this court. That number, however, reflects an indictment issued by the United States against Bennie J. Ford, Jr. on June 2, 2005.

[2] He also filed a pro se Notice of Appeal from the court's marginal entry denying his motion seeking order of contempt and/or judicial sanction for failure to comply with subpoena.

*Analysis*

In his petition before this court, Mr. Luqman argues that he is a part of a "target group" that has been selected by the defendants for prosecution in violation of the Equal Protection Clause of the United States. He claims that all Summit County cases in which a defendant is charged with possessing a weapon under disability are reviewed by the Summit County Prosecutor's office to determine if the case involves a defendant who has a criminal history that warrants referral for federal prosecution under "Project Safe Neighborhood," a gun violence reduction program started by the United States Department of Justice in partnership with state and local law enforcement agencies. These criteria include a determination of whether the person has had a prior 1st, 2nd, 3rd or 4th degree felony conviction for a crime of violence or drug trafficking. If the defendant meets these criteria, he or she is then referred to the United States Attorney's office for potential federal prosecution.

Prior to filing his petition, Mr. Luqman accumulated statistical information regarding criminal cases filed in the Cuyahoga County Court of Common Pleas from September 1, 2004 until August 31, 2005.[3] He claims that, of the 489 cases involving arrests on charges of being a felon in possession of a firearm, 441 of the defendants were African-American, and the remaining 48 were Caucasian, Hispanic, Asian or Indian. He asserts that, while at least 30 of the 48 Caucasian, Hispanic, Asian or Indian defendants met the criteria for federal prosecution, none was chosen. On the contrary, he alleges that federal prosecutors chose to pursue charges against

---

[3]Mr. Luqman does not explain why statistics from <u>Cuyahoga</u> County are relevant to his claim that some impropriety arose from his referral for federal prosecution following his arrest in <u>Summit</u> County. Given the other conclusions in this order, the Court does not address the relevance of these out-of-county statistics.

9 of the 441 African American defendants. He further asserts that, from September 1, 2004 to August 31, 2005, the United States Attorney's office chose to prosecute only one Caucasian who was charged at the county level (presumably from any county in the Northern District), but prosecuted 11 African American defendants who were similarly situated.

Mr. Luqman maintains that he has asserted a prima facie showing of "discriminatory effect" with regard to a selective prosecution claim. He contends that all of the information he is providing is "newly discovered" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which permits the court to re-open the criminal proceedings pursuant to the All Writs Act, 28 U.S.C. § 1651.

*28 U.S.C. § 2241*

This court has the power to grant a writ of habeas corpus in cases where a prisoner is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). In this case, however, the grounds upon which the right to the writ are asserted are, in substance, defenses to Mr. Luqman's criminal prosecution. For the reasons outlined below, his claims are dismissed as untimely.

*Federal Criminal Rule 12(b)*

Under Rule 12(b) of the Federal Rules of Criminal Procedure, any defenses and objections based on defects in the indictment must be raised prior to trial. United States v. Obiukwu, 17 F.3d 816, 819 (6th Cir.1994). A party's failure to raise defenses or objections which must be made prior to trial shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver. Id. The Sixth Circuit strictly applies Rule 12(b), and has repeatedly held that a failure to raise 12(b) motions in a timely fashion even precludes appellate review.

4

United States v. Oldfield, 859 F.2d 392, 396 (6th Cir.1988).

Any claim of selective prosecution is one to be determined by the court before trial, FED.R.CRIM.P. 12(b)(1); see United States v. Taylor, 562 F.2d 1345, 1356 (2d Cir.), cert. denied, 432 U.S. 909 (1977), because it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which he was charged. See United States v. Oaks, 508 F.2d 1403, 1404-05 (9th Cir.1974). Such a claim is not properly submitted to the jury. FED.R.CRIM.P. 12(b); United States v. Washington, 705 F.2d 489 (D.C.Cir.1983). As such, Mr. Luqman's petition raises a Rule 12(b)(1) defense based on "defects in the institution of the prosecution" that had to be raised before trial.

It appears from the record that Mr. Luqman had only recently been convicted of the crime charged in the indictment when he filed this habeas petition. He does not explain why he was unable to gather statistical data during the discovery process in his criminal case. Therefore, Mr. Luqman's failure to raise this issue prior to trial forecloses him from invoking a post-conviction habeas petition to raise defenses to his criminal prosecution. FED. R. CRIM. P. 12(f); see, e.g., Jones v. Perkins, 245 U.S. 390 (1918); Riggins v. United States, 199 U.S. 547, 548-50 (1905); Ex parte Finn, 16 F. Supp. 1 (E.D.Ky.1936).

Based on the foregoing, this matter is dismissed pursuant 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[4]

---

[4]28 U.S.C. § 1915(a)(3) provides:

> An appeal may bot be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

IT IS SO ORDERED.

                                                               s/ Kathleen M. O'Malley
                                                               KATHLEEN M. O'MALLEY
                                                               UNITED STATES DISTRICT JUDGE

DATED: August 4, 2006